FORMER EMPLOYEES OF FINA OIL & CHEMICAL CO., PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89-07-00410

(Dated July 16, 1993)

*Paul T. Duncan pro se.*
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Cynthia B. Schultz);* and Office of the Solicitor, U.S. Department of Labor *(Scott Glabman),* of counsel, for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* Upon receipt of a letter complaining that Donald J. Hickombottom, Jerry P. Bowen and Paul T. Duncan had been denied certification of eligibility to apply for adjustment assistance under the Trade Act of 1974, as amended, the Clerk of the Court of International Trade notified Mr. Hickombottom, the first-named petitioner before the Department of Labor, that the letter was deemed a duly-filed Summons and complaint. After joinder of issue, the undersigned sought to hold a scheduling conference pursuant to CIT Rule 16(b) with both sides. When such a conference did not materialize, a default judgment dismissing this action was entered on September 12, 1990, reciting the facts that the court had sought to schedule the action for disposition by communicating in writing and by telephone with Mr. Hickombottom, *pro se* on behalf of the plaintiffs, and that he had failed to respond or otherwise indicate a desire to prosecute this action.

---

[8] The Department would ultimately be administering a mere two rates for the entire industry, one for the cooperating company and one country-wide rate for the noncooperating companies.

Comes now Paul T. Duncan, also a signer of the original letter complaint, praying that the default judgment be vacated upon the following representations, among others:

> * * * I was never contacted by the court or defendant and * * * my fellow plaintiff, Mr. Donald J. Hickombottom failed, despite repeated attempts on my part, to provide information concerning the status of the above styled action.
>
>    *      *      *      *      *      *      *
>
> I may have not contacted the court for two and one half years since the time of the dismissal but I was unaware of any action by the court and that a determination had been made concerning the case * * *.
>
> As far as I have been able to determine, Mr. Bowen is out of the country in Saudi Arabia and has been for some time. I have been unable to contact him in any manner for the past three years. Mr. Hickombottom's explanation of what had transpired was vague and uninformative. I asked him for all materials he had in his possession and he repeatedly promised to provide them to me. After being promised by Mr. Hickombottom on several occasions and for many months to be supplied with all documents and notes he possessed, I finally despaired of Mr. Hickombottom supplying the information I needed to continue the case (even the court number) so instituted an appeal on my own (Court No. 92–12–00794) so that I would not be dependant on a co-plaintiff who is unable or unwilling to cooperate. That action was dismissed May 3, 1993 by Judge Richard W. Goldberg. * * *

The court accepts these representations at face value. They reflect a desire by Mr. Duncan to proceed with his complaint against the defendant now. It is also true that the practice in matters such as this has advanced so far beyond the pleading requirements of the common law as to accept, for purposes of suit against the sovereign, letters of the kind sent by the plaintiffs. But this approach has not eliminated the requirement that complainants, whether pro se or represented by lawyers, be diligent from the beginning, and it has not set aside the common-law doctrine of laches, which is and has been based upon the maxim that equity aids the vigilant and not those who slumber on their rights. Black's Law Dictionary, p. 787 (5th ed. 1979). Rule 60(b) of the Rules of the Court of International Trade provides, in pertinent part:

> On motion of a party * * * and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for * * * (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) * * * not more than one year after the judgment * * * was entered * * *.

Plaintiff Duncan does not now meet any of these standards. He did not come forward during the 14 months between the filing and the dismissal of his complaint. He did not come forward with his second com-

plaint until another 14–plus months had passed. And he has not now made this motion within one year of September 12, 1990, as required by the foregoing rule. As stated by the court in *Avon Products, Inc. v. United States,* 13 CIT 670, 672 (1989), "[n]either ignorance nor carelessness on the part of a litigant or his attorney provides grounds for relief under Rule 60(b)(1)." Finally, that workers who have lost their jobs and then been denied adjustment assistance by the government may complain in court without the assistance of counsel does not mean that the court will attempt to deal directly with each and every member of their class, only with a seemingly appropriate representative.

Admittedly, plaintiff Higgombottom did not prove to be such a representative. But it was plaintiff Duncan's responsibility to know this and to supplant him in a timely manner. That this did not occur does not amount to the kind of mistake, inadvertence, surprise, excusable neglect or other reason justifying relief from the operation of the judgment. To hold otherwise on the record presented would undermine the due process to which every party defendant is entitled and to which every party plaintiff must adhere. Ergo, plaintiff Duncan's motion to vacate the default judgment dismissing this action must be, and it hereby is, denied.

The Clerk shall notify plaintiff Duncan of this decision forthwith.